

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00137-CR

———————————————

BRIAN HILBY, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. F19-791-16

Before Bassel, J.; Sudderth, C.J.; and Wallach, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Brian Hilby pleaded guilty to aggravated assault with a deadly weapon.[1] The issue of punishment was tried to the jury, which assessed Appellant's punishment at forty years' confinement, and the trial court sentenced Appellant in accordance with the jury's recommendation.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Appellant of the motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold that the appeal is frivolous, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant had the opportunity to file a pro se response to the *Anders* brief but has not done so.

---

[1]Simultaneously with entering his guilty plea for the offense of aggravated assault with a deadly weapon, Appellant also pleaded guilty to four drug offenses and went to the jury for sentencing. Appellant appealed the four drug convictions but then filed a motion to dismiss the appeals, which was granted. *See Hilby v. State*, Nos. 02-19-00138-CR, 02-19-00139-CR, 02-19-00140-CR, 02-19-00141-CR, 2019 WL 1848743, at *1 (Tex. App.—Fort Worth Apr. 25, 2019, no pet.) (mem. op., not designated for publication). The drug cases are thus not part of this appeal.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 27, 2020